IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| JEFFREY GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 3:20-cv-00208-M |

### JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to the Court's April 6, 2020 order (Doc. 10) Plaintiff Jeffrey Givens and

Defendant United States of America submits the following Joint Report Regarding

Contents of Scheduling Order:

**1) A brief statement of the claims and defenses.**

**Plaintiff's claims**:  This lawsuit arises out of motor vehicle collision that occurred on or about Saturday, January 27, 2018 on Baraboo Drive when Plaintiff Jeffrey Givens' vehicle was hit by an employee of the United States Postal Service who failed to yield the right of way when he operating his vehicle on the wrong side of the roadway. At the time of the collision the postal worker was driving a vehicle owned by the United States of America and was operating the vehicle at the direction of the United States of America and/or in the course and scope of his employment with the United States of America.  As a result of the collision, Plaintiff Jeffrey Givens was injured and continues to suffer injuries and damages from this collision. Plaintiff has asserted a claim for negligence pursuant to Federal Tort Claims Act, Title 28, U.S.C. §2674 and is seeking damages as set out in Plaintiff's Original Complaint.

**Defendant's Defenses**: Defendant admits that a collision occurred between Plaintiff and an employee of the United States Postal Service, who was operating a vehicle with permission belonging to the United States Postal Service at the time of the collision, but denies that the postal worker who struck Plaintiff acted

negligently, that the postal driver's negligence was the cause of Plaintiff's injuries, or that the postal worker breached any duty owed to Plaintiff. Defendant denies the remaining factual allegations in Plaintiff's Original Complaint except as to venue and jurisdiction. Defendant further asserts (1) Plaintiff fails to state a claim on which relieve can be granted, (2) Plaintiff's claims are barred or should be reduced by his contributory and/or comparative negligence, (3) another actor's negligence was an intervening or superseding cause of the alleged injuries, (4) damages are limited to those recoverable under the Federal Tort Claims Act, (5) non-economic relief is limited to $250,000 under Tex. Civ. Prac. & Rem. Code §74.301, (6) costs are limited to those provided for by 28 U.S.C §2412, (7) recovery of attorney's fees is limited by 28 U.S.C. §2678, (8) Plaintiff is not entitled to pre-judgment interest under 28 U.S.C. §2674, (9) Plaintiff failed to mitigate his damages, (10) Defendant is entitled to offsets or credits for benefits paid to Plaintiff through any federal agency, (11) Plaintiff's recovery may be subject to periodic payments pursuant to Tex. Civ. Prac & Rem. Code §§ 74.502 and 74.503, (12) Plaintiff's recovery is limited to the amount actually paid or incurred under Tex. Civ. Prac. & Rem. Code §41.0105, (13) Pursuant to 28 U.S.C. §2675(b), Plaintiff is prohibited from claiming or recovering any amount in excess of that set forth in its claim presented to the United States Postal Service.

2) The parties jointly propose a deadline of October 20, 2020 (6 months from date of filing Joint Status Report) to file motions for leave to join other parties.

3) The parties jointly propose a deadline of December 20, 2020 (8 months from date of filing Joint Status Report) to amend pleadings.

4) The parties jointly propose a deadline of June 20, 2021 (120 days before trial date) to file various types of motions, including dispositive motions.

5) The parties jointly propose a deadline of January 20, 2021 (90 days before close of discovery) for Plaintiff's initial designation of experts and a deadline of March 4, 2021 (approx. 45 days before close of discovery) for Defendant's initial designation of experts.

6) The parties jointly propose a deadline of March 4, 2021 for Defendant's responsive designation of experts and a deadline of April 4, 2021 for Plaintiff's responsive

designation of experts. Should either party seek to file any new expert report in response to the other party's responsive designation of experts, the other side will have 30 days to respond from the date of any responsive reports filed by the opposing party, notwithstanding the original responsive designation of expert deadlines set out above..

7) The parties jointly propose a deadline of June 20, 2021 (120 days before trial) to file objections to experts and motions to limit or exclude expert testimony, including *Daubert* motions and similar motions.

8) The parties jointly propose an April 20, 2021 deadline (180 days before trial) for completion of all discovery. Fact discovery should be completed by January 20, 2021 and expert discovery should be completed by April 20, 2021. Discovery will likely be needed on the facts and circumstances surrounding the incident in question, the employment of Defendant's driver, Plaintiff's medical treatment including bills and records for treatment allegedly necessitated by the incident in question, the extent, if any, of any preexisting injuries or medical conditions of Plaintiff prior to the incident in question, the need for any future medical treatment, and any subsequent occurrences affecting or relating to the injuries allegedly sustained as aa result of the incident in question. The parties do not believe discovery needs to be conducted in phases or limited to or focused upon particular issues, except as set out above.

9) The parties agree to conduct discovery under the Federal Rules of Civil Procedure and the Court's local rules, and do not seek any additional limitations to those

rules.

10) The parties do not believe this case will require extensive disclosure or discovery of electronically stored information ("ESI") and both parties agree to produce non-privileged material in their possession currently saved in electronic form to the other side in PDF form and to preserve any applicable electronic communications, including social media postings, for disclosure as required by the Federal Rules of Civil Procedure and the Court's local rules.  At this time, the parties do not have any disputes regarding the disclosure or discovery of ESI and do not foresee any potential disputes on this issue at this time, however should any disputes regarding ESI come to light, the parties agree to work together to resolve such issues.

11) Plaintiff's counsel and Defendant's counsel are currently working on an agreed protective order that will be separately filed with the Court.

12) The parties jointly propose a trial date of October 18, 2021. The parties estimate 2-3 days will be required for trial. Plaintiff has demanded a jury trial, though Defendant alleges in its Original Answer (Doc #8) that Plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. §2402.

13) The parties jointly propose to mediate this case by April 20, 2021 and are working to find a date on or before that date for further settlement negotiations. The parties engaged in pre-suit settlement discussions when Plaintiff filed a Form 95 notice of claim and intend to resume settlement discussions on or before the April 20, 2021 deadline to mediate.

14) The parties did not assert any objections to Fed. R. Civ. P. 26(a)(1) at the Rule

26(f) Scheduling Conference, and do not propose any modifications to the timing, form or requirement for disclosures under Rule 26(a). Disclosures under Rule 26(a)(1) will be made within 14 days of the Rule 26(f) conference as prescribed by Rule 26(a)(1)(C), making the due date for such initial disclosures May 4, 2020.

15) The parties do not consent to jury or nonjury trial before U.S. Magistrate Judge Rebecca Rutherford.

16) The parties are considering mediation to resolve this litigation and believe mediation will be most effective once discovery is completed, but before any dispositive or expert motions are heard. The parties have agreed to work together to reach an agreement as to a mediator by May 10, 2020.

17) At this time, the parties have no other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.

18) No conference with the Court is desired at this time.

19) At this time, the parties do not seek issuance of any other Orders that should be entered by the Court under R. 16(b). The parties may seek orders pursuant to Rule 16(c) at the time of the pretrial conference. The parties are working together to file an agreed motion for protective order for the Court to enter pursuant to Rule 26(c) and will do so on or before May 4, 2020.

Respectfully submitted,

s/ Brennan Edward Clay
Brennan Edward Clay
Texas Bar No. 24105609
Amy K. Witherite
Texas Bar No. 00788698
Witherite Law Group
10440 North Central Expressway
Dallas, Texas 75231
Telephone: 214-499-7633
Fax: 214-378-6670
Email: brennan.clay@ewlawyers.com
Attorneys for Plaintiff

ERIN NEALY COX
United States Attorney

s/ Tami C. Parker
Tami C. Parker
Assistant United States Attorney
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Texas Bar No. 24003946
Telephone: 817-252-5200
Fax: 817-252-5458
Email: tami.parker@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

On April 27, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ Brennan Edward Clay<br>
Brennan Edward Clay